IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AARON KELLY          :       CIVIL ACTION

    v.               :

MICHAEL WENEROWICZ, et al.    :      NO. 13-4317

**FILED**
AUG 1 5 2016
LUCY V. CHIN, Interim Clerk
By _____ Dep. Clerk

**ORDER-MEMORANDUM**

**AND NOW**, this 15th day of August, 2016, upon careful and independent consideration of the Amended Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Docket No. 4), Petitioner's Motion for Leave to Amend the Petition (Docket No. 17), and all documents filed in connection with both the Amended Petition and the Motion, and after review of United States Magistrate Judge David R. Strawbridge's Report and Recommendation (Docket No. 24), and consideration of Petitioner's Objections to the Report and Recommendation (Docket No. 32), **IT IS HEREBY ORDERED** that:

1.     Petitioner's Objections are **OVERRULED**.

2.     The Report and Recommendation of Magistrate Judge Strawbridge is **APPROVED** and **ADOPTED**.

3.     The Motion to Amend the Petition is **DENIED**.

4.     The Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and **DISMISSED** without an evidentiary hearing.

5.     As Petitioner has failed to make a substantial showing of the denial of a constitutional right or demonstrated that a reasonable jurist would debate the correctness of this ruling, the Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

6.     The Clerk is directed to **CLOSE** Civil Action No. 13-4317.

On July 31, 2006, following a non-jury trial in the Philadelphia Court of Common Pleas, Petitioner Aaron Kelly was convicted of first degree murder and violation of the Uniform Firearms Act in connection with a street corner shooting on December 6, 2003. Petitioner was subsequently sentenced to life imprisonment. Petitioner completed direct and Post Conviction Relief Act ("PCRA") appeals in the state court system and, then, with the continued assistance of his PCRA counsel, commenced the instant § 2254 habeas action. After filing an Amended § 2254 Petition, Petitioner hired new habeas counsel and filed a Motion for Leave to Amend his Petition, seeking to add new claims for relief. In an extremely thorough and well-reasoned Report and Recommendation ("R&R"), the Magistrate Judge has recommended that we deny and dismiss the Amended § 2254 Petition and also deny Petitioner's Motion for Leave to Amend. Petitioner raises several objections to the R&R. In many respects, the Objections reiterate arguments that the Magistrate Judge has addressed and correctly analyzed in the R&R and, upon de novo review, we see no need to repeat his analysis. We do, however, address certain aspects of the Objections that directly challenge the Magistrate Judge's reasoning or the law he applies.

Petitioner's first Objection concerns the Magistrate Judge's recommendation that we reject Petitioner's challenge to the state courts' adjudication of his objection to the trial court's admission of the preliminary hearing testimony of an eyewitness to the 2003 shooting, Mason Staten, who was deceased at the time of trial. Specifically, the Magistrate Judge recommends that the admission of such evidence was not contrary to or an unreasonable application of Confrontation Clause jurisprudence as established in Crawford v. Washington, 541 U.S. 36 (2005). See 28 U.S.C. § 2254(d)(1) (stating that a state habeas petition shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as

2

determined by the Supreme Court of the United States.")  Petitioner argues that the Magistrate

Judge's analysis in this regard was flawed, because the Judge erroneously believed that "28 U.S.C.

§ 2254(d)(1) requires a Supreme Court decision that is on all fours with the instant case."    (Objs.

at 42.)  However, as we read the R&R, the Magistrate Judge correctly construed and applied §

2254(d)(1).  Indeed, the Magistrate Judge correctly observed that a state court decision involves

an "unreasonable application" of federal law "if the state court correctly identifies the governing

legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the

particular case," Bell v. Cone, 535 U.S. 685, 694 (2002) (citation omitted), and further correctly

stated that an unreasonable application is one that is "objectively unreasonable," Woodford v.

Visciotti, 537 U.S. 19, 25 (2002).  (See R&R at 13.)  Moreover, based on our own de novo

review of the record and consideration of the applicable case law, we agree with the Magistrate

Judge's recommendation that it was not objectively unreasonable for the state courts to conclude,

under the facts of this case, that Petitioner had a full and fair – and therefore adequate –

opportunity to cross examine Staten at the preliminary hearing, thereby satisfying Federal law

regarding the Confrontation Clause as set forth in Crawford.  We thus overrule Petitioner's

Objection to this aspect of the Magistrate Judge's R&R.

Petitioner also objects to the Magistrate Judge's recommendation that we deny his Motion

for Leave to Amend insofar as it seeks to add claims that trial counsel was consitutionally

ineffective in failing (1) to explicitly correct the trial court's misstatement that Crawford

concerned the weight given to Staten's preliminary hearing testimony, not whether the testimony

was admissible, and (2) to effectively correct the trial court's apparent confusion about the relative

impact of federal and state jurisprudence.    Consistent with the Magistrate Judge's

recommendation, however, we conclude that Petitioner has not established that counsel's conduct

3

in this regard was constitutionally ineffective pursuant the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984).[1]  First, with respect to the quality of counsel's performance, we note (as the Magistrate Judge did) that trial counsel properly directed the trial court to the appropriate and controlling authority, i.e., Crawford, and argued both that the "United States Supreme Court . . . trumps every other court," and that "the United States Supreme Court can grant Pennsylvania citizens more rights" than the Pennsylvania Supreme Court does.[2]  (N.T. 7/27/06 at 43-44.)  Moreover, Petitioner all but concedes that such arguments were adequate as he himself takes the position that it was a "most-obvious proposition . . . that Crawford as United States Supreme Court precedent, controlled, and that it addressed admissibility and not weight."  (Objs. at 46.)  We thus agree with the Magistrate Judge's recommendation that counsel's performance was not deficient in this regard.  Furthermore, with respect to the prejudice prong of Strickland, Petitioner merely refers us back to his argument in connection with his first Objection, i.e., that the admission of Staten's testimony was contrary to or an unreasonable application of Crawford. (See Objs. at 49.)  As we have already overruled that Objection, we conclude that Petitioner has also failed to establish that he was prejudiced by counsel's allegedly truncated arguments concerning Crawford's impact.  Accordingly, we overrule Petitioner's Objection to the Magistrate Judge's recommendation that we deny Petitioner's Motion for Leave to Amend insofar

---

[1] For a petitioner to prevail on an ineffectiveness claim under the Strickland standard, he must establish both that counsel's performance was deficient and that the deficient performance was so prejudicial that it deprived him of a fair trial.  466 U.S. at 687.  An attorney's performance is deficient if it falls "below an objective standard of reasonableness."  Id. at 688.  To prove the requisite prejudice, a petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.

[2] It is plain that the court understood these latter points because, following her exchange with trial counsel, she affirmed that "Pennsylvania can grant its own citizens more rights than the Feds.  It can't grant less rights than the Feds."  (N.T. 7/27/06, at 44.)

as it seeks to add a claim that counsel was ineffective for failing to correct the trial court's asserted misstatements above, because that claim is futile.

Petitioner also objects to the Magistrate Judge's recommendations that we deny the remainder of the Motion for Leave to Amend because the additional claims that Petitioner seeks to add are barred by the one-year statute of limitations in 28 U.S.C. § 2244(d).  Specifically, Petitioner contends that the Magistrate Judge (1) applied an incorrect standard in concluding that certain claims did not "relate back" to earlier claims that he asserted, and (2) erroneously rejected his argument that equity demands that his claims be heard because his initial habeas counsel, who was also his PCRA counsel, failed to advise him that, pursuant to Martinez v. Ryan, 132 S. Ct. 1309 (2012), he would be able to raise claims of trial counsel ineffectiveness that his PCRA counsel ineffectively failed to raise, but only if he retained new counsel for his habeas proceedings.

First, we reject Petitioner's argument that the Magistrate Judge misapplied the "relation back" standard set forth in Federal Rule of Civil Procedure 15(c) as applied in the habeas context in Mayle v. Felix, 545 U.S. 644 (2005), because the Judge wrongly understood that a claim does not relate back to a timely claim if it is based on a new legal theory, even if it is grounded on the same essential facts as the timely claim.  Petitioner specifically maintains that the Magistrate Judge misapplied Rule 15(c) when he recommended that two particular proposed claims do not relate back to Petitioner's timely original habeas petition:  (1) the proposed claim that trial counsel was ineffective for failing to re-seek preclusion of Staten's preliminary hearing testimony mid-trial after a police detective testified – contrary to his preliminary hearing testimony – that law enforcement officers initially approached Staten to question him about his brother, who was being investigated in connection with an unrelated murder, which, in Petitioner's view, was information that would have been "fertile ground to impeach" Staten at the preliminary hearing (Proposed Am.

5

Pet'n at 22); and (2) the proposed claim that trial counsel was ineffective in failing to object to the court's admission of certain evidence regarding Petitioner's alleged motive, as well as his alleged intimidation of Staten and other potential witnesses.   We conclude, however, that the Magistrate Judge properly applied Mayle's directive that relation back is only appropriate when "the original and amended petitions state claims that are tied to a common core of operative facts."   Id. at 664 (emphasis added).   While Petitioner maintains that the two proposed claims arise out of the same "core of operative facts" as the claims in the original petition because they are "part and parcel of the Crawford claim" (Objs. at 52), the proposed claims, in fact, rest on entirely different core facts than the Crawford claim rests on.   Indeed, the core operative facts in support of the first claim are the extensive facts detailed in five full pages of Petitioner's Proposed Amended Petition (Proposed Am. Pet'n at 18-23), and the core operative facts in support of the second claim are those occupying six separate pages of the Proposed Amended Petition.   (Id. at 31-36.)   Simply put, these core operative facts are specific to the new claims and are not referenced in, much less "part and parcel" of, the Crawford claim that Petitioner raises in his earlier Petition.   Accordingly, we overrule Petitioner's Objection to the Magistrate Judge's recommendation that these two proposed claims do not relate back to the original Petition under the standard set forth in Mayle.

Petitioner also objects to the Magistrate Judge's recommendation that we reject his arguments that these same two claims, as well as a third claim (i.e., the proposed claim that trial counsel was ineffective in failing to object to the introduction of testimony about a non-testifying, alleged second eyewitness), should be permitted because it would be inequitable to apply Rule 15(c) to prohibit amendment of his Petition under the circumstances presented and/or because he was entitled to equitable tolling of the federal statute of limitations.   In both instances, Petitioner maintains that it is inequitable to time-bar his claims because his PCRA counsel did not inform

6

him that he would not be permitted to raise new trial counsel ineffectiveness claims in his habeas petition, unless he hired new counsel to pursue his habeas and argued that his PCRA counsel was ineffective in failing to raise the claims.   See Martinez, 132 S. Ct. at 1315 ("Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance [of counsel] at trial.")

First, with respect to Rule 15(c), Petitioner asserts that the Magistrate Judge incorrectly rejected his argument that the application of the relation back standard in the habeas context is discretionary and that we can refuse to apply that standard if we decide that application of the Rule will produce an inequitable result.   Petitioner has, however, cited no habeas case in which a court has declined to apply Rule 15's relation back standard for equitable reasons and therefore permitted an otherwise untimely claim to proceed.   Moreover, we are not convinced that any such equitable exception to the application of Rule 15 is either necessary or wise in light of the well-developed standards for equitable tolling of the statute of limitations in 28 U.S.C. § 2244.   In fact, Petitioner himself acknowledges that he relies on the same equitable considerations in both contexts as he states that "[t]he same equitable analysis regarding the application of Rule 15[], applies to Petitioner's request for equitable tolling."   (Objs. at 60.)   Under these circumstances, we will not create a new equitable exception to the statute of limitations by excepting Petitioner's claims from Rule 15(c)'s relation back requirement, and instead approve and adopt the Magistrate Judge's recommendation that we not "permit [Petitioner] to be excused from compliance with Rule 15(c)'s relation back standard with respect to the amendments he seeks to make to his habeas petition after the expiration of the limitations period set forth in 28 U.S.C. § 2244(d)."   (R&R at 62.)

Petitioner also argues, however, that the Magistrate Judge erred in failing to recommend

7

that the one-year statute of limitations for the filing of habeas claims should have been equitably tolled from the time that he filed his habeas petition (on July 25, 2013, i.e., four months before the one-year statute was to expire) to the time that he filed his Motion for Leave to Amend (on November 18, 2014). (Objs. at 60.) A habeas petitioner is "'entitled to equitable tolling'" of the one-year statute of limitations for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The United States Court of Appeals for the Third Circuit has stated that, "in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes" do not constitute "extraordinary circumstances." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) (citations omitted). The Supreme Court has similarly stated that "a garden variety claim of excusable neglect . . . does not warrant equitable tolling." Holland, 560 U.S. at 651-52 (quotation omitted). On the other hand, an attorney's failure to satisfy professional standards that amounts to "egregious behavior" will suffice. Id. at 651.

Here, among other valid reasons for finding no equitable tolling, the Magistrate Judge recommended that the asserted conduct of Petitioner's PCRA counsel did not "constitute[] egregious behavior constituting extraordinary circumstances" justifying equitable tolling, particularly "in the absence of any evidentiary proffer that [Petitioner] inquired about other trial counsel ineffectiveness claims that he believed should have been presented." (R&R at 67.) Petitioner takes issue with this recommendation, arguing that he has, in fact, established extraordinary circumstances by demonstrating that his "PCRA counsel persuaded [him] to continue with him as his lawyer in federal habeas proceedings, without warning him about the

8

impact of the recently decided <u>Martinez</u> case" or about the "risk of [counsel's] continued representation." (Mot. to Amend at 21, 24.)   In Petitioner's view, had his PCRA counsel advised him of the benefits of hiring new counsel for his habeas proceeding, Petitioner would have promptly hired new counsel, who would have asserted his new trial counsel ineffectiveness claims before the limitations period expired in November of 2013.   Petitioner also appears to argue that the Magistrate Judge erred in refusing to grant Petitioner's request for an evidentiary hearing and/or oral argument to permit Petitioner the opportunity to marshal additional facts to support his equitable tolling arguments.   (<u>See</u> Objs. at 61.)

On de novo review, however, we conclude – consistent with the Magistrate Judge's recommendation – that Petitioner has not identified egregious, non-professional behavior that constitutes extraordinary circumstances sufficient to justify equitable tolling.   Indeed, contrary to Petitioner's suggestion, the record reflects that PCRA counsel did not improperly dissuade Petitioner from hiring new counsel for his habeas proceeding but, rather, clearly advised Petitioner in a February 14, 2013 letter that it was Petitioner's choice whether to continue with the same counsel or hire new counsel.   Moreover, it simply is not extraordinary for PCRA counsel not to advise his client that he should hire new counsel for his habeas proceedings so that he can challenge    PCRA    counsel's    effectiveness    in    failing    to    raise    additional ineffective-assistance-of-trial-counsel claims.   While <u>Martinez</u> opened a limited window for petitioners to revive procedurally defaulted claims, where, as here, there is no indication that Petitioner's PCRA counsel was alerted to any substantial trial counsel ineffectiveness claims that he failed to raise, we cannot possibly find him to have acted egregiously in not advising Petitioner about <u>Martinez</u>.   Accordingly, we agree with the Magistrate Judge that this case involves no egregious attorney conduct that would warrant the equitable tolling of the one-year statute of

9

limitations.

We also do not fault the Magistrate Judge for failing to hold an evidentiary hearing on Petitioner's equitable tolling claim.   Whether to hold an evidentiary hearing is a matter of discretion and requires an assessment of whether the hearing "would have the potential to advance the petitioner's claim."   Campbell v. Vaughn, 209 F.3d 280, 287 (3d Cir. 2000).   Under this standard, when a petitioner "'fail[s] to forecast any evidence beyond that already contained in the record' that would help his cause, 'or otherwise to explain how his claim would be advanced by an evidentiary hearing,'" the court is within its discretion to deny a hearing.   Id. (quoting Cardwell v. Greene, 152 F.3d 331, 338 (4th Cir. 1998)).   Here, Petitioner neither "forecast[ed] any evidence beyond that already contained in the record that would help his cause" nor provided any meaningful explanation as to how his claim would actually be advanced by an evidentiary hearing. Id. (citation omitted); see also Palmer v. Hendricks, 592 F.3d 386, 393 (3d Cir. 2010) (requiring courts to consider "whether the petition presents a *prima facie* showing which, if proven, would enable the petitioner to prevail on the merits of the asserted claim" (citations omitted)). Accordingly, we overrule Petitioner's Objections to the Magistrate Judge's application of the statute of limitations as barring certain of Petitioner's claims and to the Magistrate Judge's decision not to hold an evidentiary hearing.   We likewise conclude that no evidentiary hearing is warranted now.

For all of these reasons, we overrule Petitioner's Objections and approve and adopt the Magistrate Judge's Report and Recommendation without the need for a hearing.

BY THE COURT:

John R. Padova, J.